**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 98-10100**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**LATOJA E. HALL,**

**Defendant-Appellant.**

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CR-211-2-H)

February 18, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The prior Order of this Court consolidating this case with No. 98-10098, ***United States of America v. Jashawn R. Smith***, is rescinded and this case is severed for separate decision.

**BACKGROUND**

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Latoja E. Hall (hereinafter "Hall") and Jashawn R. Smith (hereinafter "Smith") were unemployed and decided to rob someone and move to Kansas City. Hall and Smith were black females and they decided to kidnap an elderly white female, rob her and steal her vehicle. On May 23, 1997, at 2:00 p.m., Hall and Smith approached the vehicle of Virginia Hope Wyatt, a 72-year-old white female (hereinafter "Wyatt"). Using a .45 caliber toy pistol, Smith and Hall entered Wyatt's vehicle and ordered her to drive out of the parking area of the mall. They drove to Wyatt's bank and ordered Wyatt to cash a $500 check. Smith and Hall later took a white gold diamond solitaire ring and a watch from Wyatt and traded them in at a pawn shop for a necklace and a portable CD player. Smith and Hall traveled north from Dallas using Wyatt's credit card to get gas several times. Sometime between 10:00 and 11:00 p.m., they drove into Oklahoma and Wyatt was forced to lie down on the floorboards whenever they approached a toll booth. Shortly before midnight, Hall wrapped Wyatt's hands together with duct tape and Smith and Hall also bound Wyatt's feet. Smith and Hall placed a plastic bag over Wyatt's head. Although Wyatt resisted, Smith and Hall wrapped duct tape around the plastic, covering Wyatt's nose and mouth. They then threw Wyatt over a guard rail where Wyatt fell about 32 feet down an embankment. Smith and Hall then drove away. Wyatt managed to force a hole through the plastic at the corner of her mouth and then managed to slither up the embankment to get back to the highway. At about 5:00 a.m. on May 24, the Oklahoma Highway Patrol found Wyatt along the side of the highway.

2

Wyatt's car was recovered on the night of May 28, 1997, in Kansas City and Smith and Hall were arrested at Smith's mother's home on the evening of May 29, 1997.

Smith and Hall were indicted on June 24, 1997, with conspiracy to kidnap (count 1), kidnaping (count 2), and car jacking (count 3). On September 16, 1997, Hall pleaded guilty to kidnaping by written plea agreement. One paragraph in the agreement indicated that Hall waived her right to appeal other than in limited circumstances. On January 15, 1998, Hall was sentenced to serve 300 months in prison, five years of supervised release, and to pay restitution in the amount of $1,045. Hall timely appealed. Hall challenges the sentence imposed by the district court on the grounds that the sentence was based on a cross-reference in U.S.S.G. § 2A4.1(a), the kidnaping guideline, to U.S.S.G. § 2A1.1, the first-degree murder guideline. Hall argued that this was improper because Wyatt, the victim, did not die and because there is a specific guideline covering attempted murder. The government contends that Hall waived her right to appeal this element of her sentence. Hall maintains that this appeal falls under the exceptions to the waiver of the right of appeal in her plea agreement.

We have carefully considered the briefs, the reply brief, the record excerpts, and relevant portions of the record itself.

The right to appeal a criminal conviction is a statutory, not a constitutional, right. *United States v. Henderson*, 72 F.3d 463, 464-465 (5th Cir. 1995). A defendant may waive his statutory right

3

to appeal in a valid plea agreement if the waiver is knowing and voluntary. *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992). Hall admits that she was aware of the waiver and does not contest its validity. Instead, she tries to fit her appeal into its exceptions. These attempts are unavailing. If the record of the Rule 11 hearing clearly indicates that the defendant read and understood the plea agreement and that she raised no question about the waiver-of-appeal provision, she will be held to the bargain regardless of whether the court specifically admonished her concerning the waiver of appeal. *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Under *Melancon* and *Portillo*, the plea agreement is valid, including Hall's waiver of a challenge to her as yet unimposed sentence. We therefore hold that Hall's appeal should be dismissed because she has waived the right to appeal her sentence.

APPEAL DISMISSED.